# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NASSAU**
-------------------------------------------------------------------X
ROBERT POPE, individually and on behalf of others similarly situated,

                     Plaintiff/Petitioner,

    - against -                                    Index No. 600304/2019

DOORDASH, INC.; TONY XU; and any other related entities or individuals,

                     Defendant/Respondent.
-------------------------------------------------------------------X

## NOTICE OF ELECTRONIC FILING

      PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice is being served as required by that rule.

      NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

      Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

      The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

      **Parties represented by an attorney:** An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within the e-filed matter on the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

**Parties not represented by an attorney: Unrepresented litigants are exempt from e-filing. They can serve and file documents in paper form and must be served with documents in paper form.** However, an unrepresented litigant may participate in e-filing.

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efile-unrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: January 9, 2019

| Name | Address |
|---|---|
| Michael A. Tompkins, Esq. | 1 Old Country Road |
| | Suite 347 |
| Firm Name | Carle Place, NY 11514 |
| Leeds Brown Law, P.C. | |
| E-Mail | Phone |
| bcohen@leedsbrownlaw.com | (516) 873-9550 |

To: _see attached summons_

12/14/17

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

---

ROBERT POPE, individually and on behalf of others similarly situated,

                        Plaintiffs,

- against -

DOORDASH, INC.; TONY XU; and any other related entities or individuals,

                        Defendants.

**Index No.:**

**SUMMONS**

Plaintiffs designate the
**COUNTY OF NASSAU**
as the place of trial.

Venue is based on location of events giving rise to the claim

---

TO THE ABOVE-NAMED DEFENDANT(S):

     **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on Plaintiffs' attorney within twenty (20) days after the service of this Summons, exclusive of the day of service (or within thirty [30] days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of failure to appear or answer, judgment will be taken against you be default of the relief demanded in the Complaint.

Dated: Carle Place, New York
         January 8, 2019

                                                  Michael A. Tompkins
                                                  Suzanne Leeds Klein
                                                  **LEEDS BROWN LAW, P.C.**
                                                  One Old Country Road, Suite 347
                                                  Carle Place, New York 11514
                                                  Tel: (516) 873-9550

                                     *Attorneys for the Plaintiff and the Putative Class*

TO:

TONY XU
116 NEW MONTGOMERY ST
SUITE 300
SAN FRANCISCO, CA 94105

TONY XU (REGISTERED AGENT)
C/O REGISTERED AGENT SOLUTIONS, INC
99 WASHINGTON AVE
SUITE 1008
ALBANY, NY 12260

DOORDASH, INC
116 NEW MONTGOMERY ST
SUITE 300
SAN FRANCISCO, CA 94105

DOORDASH, INC. (REGISTERED AGENT)
C/O REGISTERED AGENT SOLUTIONS, INC
99 WASHINGTON AVE
SUITE 1008
ALBANY, NY 12260

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

---

ROBERT POPE, individually and on behalf of others similarly situated,

                          Plaintiffs,

- against -

DOORDASH, INC.; TONY XU; and any other related entities or individuals,

                          Defendants.

---

**Index No.:**

**CLASS ACTION COMPLAINT**

**Jury Trial Demand**

Plaintiff Robert Pope ("Plaintiff"), by his attorneys Leeds Brown Law, P.C., alleges upon knowledge, information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1. This action is brought pursuant to the New York Labor Law Article 19 § 663, New York Labor Law Article 6 § 190 *et seq.* ("Labor Law"), and the governing regulations including 12 NYCRR Parts 142, 146 to recover unlawfully retained gratuities owed to Plaintiff Pope and similarly situated persons ("Plaintiffs") who are presently or formerly performed work for Defendants DOORDASH, INC.; TONY WU; and any other related entities or individuals ("Defendants").

2. In the alternative and in the event that Plaintiffs are not "employees" under the Labor Law and case law, Plaintiff asserts claims for unjust enrichment, conversion, and breach of contract, if the Court determines that Plaintiffs were independent contractors.

3. Upon information and belief, beginning in January 2013 and continuing through the present, Defendants have maintained a policy and practice of failing to pay all gratuities owed

to Plaintiffs and other similarly situated employees in violation of Labor Law §196-d, and 198, 12 NYCRR part 146.

4. Plaintiff Pope has initiated this action seeking for himself, and on behalf of all similarly situated employees, all compensation, including unpaid gratuities which they were deprived of plus interest, penalties, damages, attorneys' fees, and costs.

## THE PARTIES

5. Plaintiff Pope is an individual who resides in Nassau County, New York, and performed driving and food delivery service for Defendants during 2018.

6. According to the New York State Department of State, Defendant DOORDASH, INC. is a foreign business corporation organized and existing under the laws of the State of Delaware, with a headquarters and principal place of business located at 116 New Montgomery St., Suite 300, San Francisco, California, 94105, and with a registered agent in New York located at 99 Washington Ave., Suite 1008, Albany, New York, 12260.

7. Upon information and belief, Defendant TONY XU is the chief executive officer with a principal place of business at DOORDASH, INC headquarters located at 116 New Montgomery Street, Suite 300, San Francisco, California, 94105, and with a registered agent in New York located at 99 Washington Ave., Suite 1008, Albany, New York, 12260.

## CLASS ALLEGATIONS

8. This action is properly maintainable as a class action pursuant to Article 9 of the New York Civil Practice Law and Rules.

9. This action is brought on behalf of Plaintiff Pope and a class consisting of each and every other person who worked for Defendants from November 2012 to the present.

FILED: NASSAU COUNTY CLERK 01/08/2019 02:14 PM                                INDEX NO. 600304/2019
NYSCEF DOC. NO. 1                                                             RECEIVED NYSCEF: 01/08/2019

10. Plaintiff Pope and putative class members are all victims of Defendants' common policy and/or plan to violate the Labor Law and its governing regulations, including by (1) unlawfully retaining gratuities owed to Plaintiff Pope and putative class members, and (2) failing to distribute the gratuities received from Defendants' customers.

11. Defendants uniformly applied the same employment practices, policies, and procedures to all drivers who performed work for Defendants in the State of New York.

12. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be at least 200 individuals. In addition, the names of all potential members of the putative class are not known.

13. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: (1) did Defendants accept gratuities from customers in their contractual arrangements with their customers, (2) were such gratuities remitted to the individuals performing the services such as Plaintiffs, and (3) were Plaintiffs entitled to such payments under the Labor Law, the contracts, or equitable theories.

14. The claims of Plaintiff Pope are typical of the claims of the putative class. Plaintiff Pope and putative class members were all subject to Defendants' policies and practices of unlawfully retaining gratuities and failing to pay employees all earned gratuities. Plaintiff Pope and putative class members thus have sustained similar injuries as a result of Defendants' actions.

15. Plaintiff Pope and his counsel, Leeds Brown Law, P.C. will fairly and adequately protect the interests of the putative class.

16. Plaintiff Pope has retained counsel experienced in complex wage and hour class action litigation.

17. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Plaintiff Pope and putative class members lack the financial resources to adequately prosecute separate lawsuits against Defendants.

18. Furthermore, the damages for each individual are small compared to the expense and burden of individualized prosecutions of this litigation.

19. Finally, a class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendants' policies.

20. Prosecuting and defending multiple actions would be impracticable.

21. Managing a class action will not result in undue difficulties.

## FACTS

22. Beginning in 2018, Defendants employed Plaintiff Pope as a driver to perform work for Defendants' clients.

23. Beginning in approximately January 2013 and continuing through the present, Defendants have employed and contracted with individuals like Plaintiff Pope, in the State of New York to perform work as delivery drivers for Defendants' food/drink delivery services

24. Defendants' contracts with its customers include a "service fee" of 11% meant for drivers who would be performing work.

25. Alongside the "service fee" Defendants' contracts with its customers states "This 11% service fee helps us operate DoorDash".

26. Plaintiff Pope never received these any of these "service fee's" since the beginning of his employment through the present.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK LABOR LAW SECTION 196-d

27. Pursuant to Labor Law Article 6 § 196-d, and the supporting New York State Department of Labor Regulations, "No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

28. Corporate Defendants along with Tony Xu are employers, within the meaning contemplated, pursuant to Labor Law Article 6 § 190(3) and the supporting New York State Department of Labor Regulations.

29. Defendants' exercised control over Plaintiff Pope as he performed his job duties for Defendants' customers.

30. Tony Xu exercised control over Plaintiff Pope and service employees that performed work for DOORDASH, INC. including other employees that performed work as drivers for Defendants' customers and pursuant to Defendants' contracts.

31. Tony Xu has the power to hire and fire employees of Defendants and dictate the performance of their job duties and responsibilities.

32. Plaintiff Pope and other members of the putative class are employees, within the meaning contemplated, pursuant to Labor Law Article 6 § 190(2) and the supporting New York State Department of Labor Regulations such as the Hospitality Wage Order.

33. Plaintiff Pope and all members of the putative class constituted "employees" as that term is defined under Labor Law § 190 et seq. and case law interpreting the same.

34. New York Hospitality Wage Order §146-2.18 specifically dictates that " (a) A charge purported to be a gratuity must be distributed in full as gratuities to the service employees or food service workers who provided the service."

35. Furthermore, §146-2.18 also states "There shall be a rebuttable presumption that

any charge in addition to charges for food, beverage, lodging and other specified materials or services, including but not limited to any charge for "service" or "food service", is a charge purported to be a gratuity."

36.  During the online DoorDash ordering process, Defendants assess a (11%) service fee for the delivery service to their customer. Defendants' customers, a reasonable patron, pay this amount with the understanding that the "service fee" would be distributed to drivers as a gratuity, its rightful purpose.

37.  In the event Defendants' argue the "service fee" was meant strictly for the company DoorDash, Inc. and not to the drivers, Defendants fail to demonstrate "by clear and convincing evidence, that the notification was sufficient to ensure that a reasonable customer would understand that such charge was not purported to be a gratuity." NY Hospitality Wage Order §146-2.19.

38.  Defendants unlawfully retained that "service fee" for themselves and failed to lawfully distribute the gratuities to the drivers, including Plaintiff.

39.  Plaintiff Pope was not paid his portion of the "service fee" since beginning employment with Defendants'.

40.  Therefore, Defendants unlawfully withheld and retained portions of gratuities meant for employees, including Plaintiff.

41.  Defendants therefore violated Labor Law Article 6 § 196-d and the supporting New York State Department of Labor Regulations including 12 NYCRR §§ 146-2.18, 2.19 by withholding and retaining portions of gratuities earned by service employees.

42.  By the foregoing reasons, Defendants have violated Labor Law Article 6 § 190 et seq. and the supporting New York State Department of Labor Regulations, and are liable to Plaintiff Pope and other members of the putative class action in an amount to be determined at

trial, plus interest, attorneys' fees, and costs.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS:
## UNJUST ENRICHMENT

43. Plaintiffs and the other members of the putative class performed services for which patrons paid "service fee's" of approximately 11% which were then collected and retained by Defendants.

44. Defendants were unjustly enriched by retaining all "service fee's" and failing to give these monies to Plaintiff and the other members of the putative class.

45. By failing to pay out all "service fee's" to Plaintiff Pope and similarly situated employees, DOORDASH, INC. and TONY XU have been unjustly enriched at the detriment of Plaintiff Pope and putative class members.

46. By the foregoing reasons, Defendants' are liable to plaintiffs and the other members of the putative class for an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## THIRD CAUSE OF ACTION AGAINST DEFENDANTS:
## CONVERSION

47. According to New York Law, conversion is defined as intentionally interfering with, depriving the Plaintiff of possession or use, and causing damage to Plaintiff.

48. Accordingly, the law of conversion as applicable to money requires a legal obligation to return specific money entrusted to another.

49. In this matter, Defendants' unlawfully retained all "service fee's". Therefore interfered, deprived, and caused damage to Plaintiff.

50. By the foregoing reasons, Defendants have violated New York Law, and are liable to Plaintiff Pope and members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees and costs.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANTS:
### BREACH OF CONTRACT

51. The contractual agreements entered by Defendants and their customers obligates their customers to pay a 11% "service fee" to be paid to drivers. Those terms were agreed to by Defendants' and corresponding clients/customers for the benefit of Plaintiff Pope and members of the putative class.

52. Defendants' breached these contracts by unlawfully retaining "service fee's" rightfully owed to Plaintiff Pope and members of the putative class.

53. Furthermore, Plaintiff and Defendant entered into a employment contract which expressly states 100% of gratuities whether paid by cash or card are entitled to by the contractor (Plaintiff Pope and members of the putative class).

54. To date, Plaintiff Pope has not received any owed "service fee's" for work performed for Defendants, which was provided by Defendants' customers to Defendants.

55. By the foregoing reasons, Defendants have violated the contractual agreements entered with clients by failing to remit all gratuities to Plaintiff Pope and are liable to Plaintiff Pope and members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees and costs.

**WHEREFORE**, Plaintiff Pope, individually and on behalf of all other persons similarly situated who were employed by Defendants, seeks the following relief:

FILED: NASSAU COUNTY CLERK 01/08/2019 02:14 PM                                    INDEX NO. 600304/2019
NYSCEF DOC. NO. 1                                                                 RECEIVED NYSCEF: 01/08/2019

(1)  on the first cause of action against Defendants in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs, pursuant to the cited Labor Law and regulatory provisions;

(2)  on the first cause of action against Defendants, Plaintiffs also seek equitable and declaratory relief;

(3)  on the second cause of action against the Defendants in an amount to be determined at trial, plus damages, interest, attorney's fees and costs;

(4)  on the third cause of action against the Defendants in an amount to be determined at trial, plus damages, interest, attorney's fees and costs;

(5)  on the fourth cause of action against the Defendants in an amount to be determined at trial, plus damages, interest, attorney's fees and costs; and

(6)  together with such other and further relief the Court may deem appropriate and equitable.

Dated: Carle Place, New York
       January 8, 2019

                                                    Michael A. Tompkins
                                                    Suzanne Leeds Klein
                                                    **LEEDS BROWN LAW, P.C.**
                                                    One Old Country Road, Suite 347
                                                    Carle Place, NY 11514
                                                    (516) 873-9550
                                                    mtompkins@leedsbrownlaw.com
                                                    sleeds@leedsbrownlaw.com

                                                    *Attorneys for Plaintiff and Putative Class*

BROWN LAW, P.C.
Country Road Suite 347
[Place], New York 11514

TONY XU (REGISTERED AGENT)
C/O REGISTERED AGENT SOLUTIONS, INC
99 WASHINGTON AVE
SUITE 1008
ALBANY, NY 12260